1997 ND 111

**LeAnne RUSSELL, Petitioner and Appellee**

v.

**Marshall W. MOORE, Director, North Dakota Department of Transportation, Respondent and Appellant.**

**Civil No. 970070.**

Supreme Court of North Dakota.

June 3, 1997.

No appearance on behalf of appellee.

Andrew Moraghan (argued), Assistant Attorney General, Attorney General's Office, Bismarck, for respondent and appellant.

MESCHKE, Justice.

[¶ 1] The Director of the North Dakota Department of Transportation appealed a judgment reversing the Department's suspension of LeAnne Russell's driving license for 91 days. We affirm the hearing officer's finding that Russell was validly tested within two hours of the time of driving, reverse the district court, and direct reinstatement of the Department's suspension.

[¶ 2] On September 1, 1996, a passing motorist told State Trooper Mark Schmitt about a car accident west of Pick City on Highway 200. Trooper Schmitt reached the accident scene about two minutes later at 8:44 p.m. Russell's car and a dead deer were on the highway, and Russell was talking to another motorist who had come upon the scene. Russell told Trooper Schmitt "she had just hit a deer and was involved in an accident there."

[¶ 3] Trooper Schmitt noticed a slight odor of alcohol when he spoke to Russell, and she seemed disoriented and nervous. He thought her nervousness came from the accident, and he was more concerned about moving the car and the deer off the road. At Schmitt's request, Russell drove her car onto the shoulder, and he asked her to sit in his patrol car to make an accident report.

[¶ 4] In the patrol car, Trooper Schmitt again smelled alcohol, Russell still seemed disoriented, and he had to repeat several questions to her. He asked if she had been drinking, and she said, "two whiskey Cokes and a couple of Budweiser beers." Russell agreed to an Alco–Sensor test that she failed. She also failed other field sobriety tests. Trooper Schmitt arrested Russell at 9:30 p.m. Russell agreed to take a blood test, and they arrived at the hospital at 10:00. A nurse took a blood sample from Russell at 10:16, and the test reported an alcohol concentration of 0.27 percent.

[¶ 5] At the suspension hearing, Russell testified she had been drinking at a bar and had finished her last drink at 7:35 p.m. She testified she left the bar at 7:45 and hit the deer at about 7:49. Charlie Anderson, who was at the bar, also testified Russell left at 7:45. Trooper Schmitt testified, however, Russell told him her last drink was at 8:35, and she hit the deer "a few minutes" before he arrived at 8:44.

[¶ 6] The hearing officer decided the factual dispute about her time of driving against Russell:

There is a dispute as to whether the sample was drawn within the two-hour time limit. Russell and Char ... Charlie Anderson testified that Russell left the bar in Pick City at approximately 7:45 p.m. on mountain daylight time with the accident

occurring at approximately four minutes later, 7:49 p.m. mountain daylight time. If this were true, Russell would have had to been sitting at the accident for approximately 45 minutes. With Russell's statement to Schmitt that I just hit a deer ... does not corroborate Russell's version of the facts. I find that the driving occurred at approximately 8:35 p.m. mountain daylight time and that the blood was drawn within the two hours.

Concluding the blood test was therefore admissible, the hearing officer suspended Russell's driving license for 91 days.

[¶ 7] Russell appealed, and the district court reversed her suspension because it believed the evidence did not support the hearing officer's factual finding that she drove within two hours of the test:

The hearing officer's finding that the driving occurred at 'approximately 8:35 p.m., MDT, and that the blood was drawn within the two hours' is just a plain old fashioned guess. To interpret a statement attributed to the Petitioner, LeAnne Russell, 'I just hit a deer' to mean that the driving occurred just a few minutes ago is an impermissible stretch of the evidence concerning the time of the driving.

We are not certain how long the Petitioner was at the accident scene before the trooper arrived. It could have been five to forty-five minutes prior to the trooper arriving. Without more evidence, I do not think it was reasonable for the hearing officer to make the finding that the blood was drawn within two (2) hours of the driving.

The Department's Director appealed the district court's reversal of Russell's license suspension.

[¶ 8] The Administrative Agencies Practice Act governs review of an agency decision to suspend a driver's license. NDCC Ch. 28–32; *Greenwood v. Moore*, 545 N.W.2d 790, 793 (N.D.1996). On appeal, we review the agency decision, not the district court's. *Rudolph v. North Dakota Dep't of Transp. Dir.*, 539 N.W.2d 63, 66 (N.D.1995). A finding of fact needs to be supported by a preponderance of the evidence. NDCC 28–32–19(5). As we recently explained in *Pavek*

*v. Moore*, 1997 ND 77, ¶ 4, 562 N.W.2d 574, to assess whether a preponderance of the evidence supported a hearing officer's finding, we consider whether the hearing officer reasonably made it from the weight of the evidence.

[¶ 9] The Department of Transportation must suspend a driver's license if

the findings, conclusion, and decision from the hearing confirm that the law enforcement officer had reasonable grounds to arrest the person and test results show that the arrested person was driving or in physical control of a vehicle while having an alcohol concentration of at least ten one-hundredths of one percent by weight at the time of the performance of a test within two hours after driving or being in physical control of a motor vehicle.

NDCC 39–20–04.1. For a suspension, the chemical test must have been performed by sampling the driver's blood within two hours of the driving. *Keepseagle v. Backes*, 454 N.W.2d 312, 315 (N.D.1990). Here, the Department argues the evidence about Russell's time of driving before the accident reasonably supported the hearing officer's finding that Russell's blood was tested within two hours of her driving. We agree. As *Johnson v. North Dakota Dep't of Transp.*, 530 N.W.2d 359, 361 (N.D.1995), made clear, "that some of the evidence in the record supports findings contrary to those of the hearing officer does not alone justify reversal of the agency decision on appeal."

[¶ 10] If Russell's only statement to Trooper Schmitt had been "she had just hit a deer," the evidence would hardly support the finding about her time of driving. However, Trooper Schmitt also testified Russell made other admissions. She told him her last drink was at 8:35 p.m., and the accident happened a few minutes before he arrived at 8:44. We conclude this evidence reasonably supported the hearing officer's finding that Russell's blood was tested within two hours of driving. As we explained in *Geiger v. Hjelle*, 396 N.W.2d 302, 303 (N.D.1986), when more than one reasonable inference can be made from the evidence, a reviewing court

must affirm the inference made by the hearing officer.

[¶ 11] We reverse the district court and direct reinstatement of the Department's suspension of Russell's license.

[¶ 12] VANDE WALLE, C.J., and SANDSTROM, NEUMANN and MARING, JJ., concur.