1998 ND 213

**Jeffrey STANTON, Petitioner and Appellant**

v.

**Marshall MOORE, Director, North Dakota Department of Transportation, Respondent and Appellee.**

**Civil No. 980216**

Supreme Court of North Dakota.

Dec. 22, 1998.

Thomas K. Schoppert, Schoppert Law Firm, Minot, ND, for petitioner and appellant.

Candace A. Prigge, Assistant Attorney General, Bismarck, ND, for respondent and appellee.

KAPSNER, Justice.

[¶ 1] Jeffery James Stanton appealed from a district court judgment affirming an administrative hearing officer's decision to suspend his driving privileges for ninety-one days for driving under the influence of alcohol. We conclude the police officer had reasonable grounds to believe Stanton had been driving under the influence. We affirm the district court judgment.

[¶ 2] On January 23, 1998, at approximately 11:35 p.m., a Minot police officer witnessed an accident on Fourth Street from a distance of about 150 yards. He heard "some sliding tires" and looked "up in time to see a vehicle rear end[ ] another vehicle." He then saw the "striking" car reverse and back down the street "at a high rate of speed." He noted the basic type and color of the car, and saw a single occupant.

[¶ 3] After an unsuccessful attempt to follow the car, the officer returned to the scene of the accident. The occupants of the remaining car provided him the license plate number of the "striking" car. He telephoned police dispatch and was told the name and address of the registered owner of the vehicle coinciding with that license plate number.

[¶ 4] The officer drove to the address, arriving there approximately twenty minutes after observing the collision, and saw a car parked in the driveway. The license plate number matched the number he had been given by the witnesses, and the front bumper of the car was damaged. The officer concluded the car in the driveway was the same car involved in the accident he had witnessed.

[¶ 5] While inspecting the car, the officer saw an individual, later identified as Stanton, walking away from a front window of the house. He went up to the door and knocked for approximately ten minutes with no re-

sponse. At about 12:12 a.m., he saw Stanton walk from the side of the house toward the front. The officer asked whether Stanton owned the car in the driveway and Stanton acknowledged that he did. The officer then asked Stanton whether he had been involved in an accident "up on Fourth Street over by the jail," and he responded "maybe." Stanton was arrested for leaving the scene of an accident. The officer never asked Stanton whether he had been driving his car at the time of the accident.

[¶ 6] As the officer walked Stanton to his patrol car, he noticed the odor of alcohol. Stanton agreed to perform some field sobriety tests and an Alco–Sensor test. When Stanton failed those tests, the officer arrested him for driving under the influence. Stanton agreed to submit to a blood test and was taken to a hospital where, at approximately 12:22 a.m., on January 24, 1998, a blood sample was drawn. The test revealed Stanton's blood-alcohol concentration was over the legal limit.

[¶ 7] After the Department of Transportation (DOT) notified Stanton of its intent to suspend his license, Stanton requested an administrative hearing. Stanton did not testify at the hearing. The arresting officer testified about the circumstances leading to the arrest of Stanton. The officer testified he had been unable to see who was actually operating the vehicle because of the distance he had been from the collision. The hearing officer, after listening to the testimony of the arresting officer, concluded the officer "had reasonable grounds to believe [Stanton] was the driver of the vehicle at the time of the accident based upon [Stanton's] response and the surrounding circumstances." She also concluded "a reasonable inference may be made that he was the driver." Stanton's license was suspended for ninety-one days, and he was issued a temporary operator's permit.

[¶ 8] Stanton appealed the suspension to the district court arguing there was no articulable suspicion to stop him and to have placed him under arrest, and that the DOT failed to establish he was the driver. The district court affirmed the administrative hearing officer's determination to suspend Stanton's driver's license.

[¶ 9] We review the record of the administrative agency, not the district court's decision. *Dworshak v. Moore, Director, North Dakota Dep't of Transp.*, 1998 ND 172, ¶ 6, 583 N.W.2d 799. We must affirm the agency's decision under N.D.C.C. § 28–32–19, unless we conclude:

1. The order is not in accordance with the law.

. . . .

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

*See also Dworshak*, at ¶ 6, 583 N.W.2d 799.

[¶ 10] This court exercises restraint when it reviews the findings of an administrative agency; we do not substitute our judgment for that of the agency, but instead determine whether a reasonable mind could have determined that the factual conclusions were proven by the weight of the evidence presented. *Dworshak*, at ¶ 7, 583 N.W.2d 799 (quoting *Samdahl v. North Dakota Dep't of Transp., Director*, 518 N.W.2d 714, 716 (N.D.1994)). However, the hearing officer's ultimate determination that the facts found meet the legal standard that the arresting officer had reasonable grounds to believe Stanton had been driving a vehicle in violation of section 39–08–01 is a question of law fully reviewable on appeal. *See* N.D.C.C. § 39–20–05(2); *Baer v. Director, North Dakota Dep't of Transp.*, 1997 ND 222, ¶ 7, 571 N.W.2d 829 (citations omitted).

[¶ 11] The scope of the administrative hearing addressing license suspension is limited to four issues under N.D.C.C. § 39–20–05(2). Only the issue of whether the arresting officer had reasonable grounds to believe Stanton had been driving in violation of section 39–08–01, is raised in this appeal.

[¶ 12] We have previously discussed the issue of whether an officer had reasonable grounds to arrest a person. *See, e.g., Baer*, at ¶¶ 11, 14, 571 N.W.2d 829 (conclud-

ing the officer had reasonable grounds, or probable cause to arrest Baer because of the cumulative effect of facts preceding his arrest).

"Reasonable grounds" to believe an offense has been committed is synonymous with "probable cause." *Moser v. North Dakota State Highway Comm'r*, 369 N.W.2d 650 (N.D.1985). Probable cause exists when the facts and circumstances within a police officer's knowledge and of which the officer has reasonably trustworthy information are sufficient to warrant a person of reasonable caution in believing that an offense has been or is being committed. *Id.* at 652–53. *See also City of Langdon v. Delvo*, 390 N.W.2d 51 (N.D.1986).

*Wolf v. North Dakota Highway Comm'r*, 458 N.W.2d 327, 329 (N.D.1990).

In dealing with probable cause, . . . as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. The standard of proof is accordingly correlative to what must be proved.

*Zietz v. Hjelle, North Dakota Highway Comm'r*, 395 N.W.2d 572, 575 (N.D.1986) (quoting *Witte v. Hjelle*, 234 N.W.2d 16, 20 (N.D.1975)).

[¶ 13] An arresting officer does not need knowledge or facts sufficient to establish a person's guilt. *Chadwick v. Moore, Director, North Dakota Dep't of Transp.*, 551 N.W.2d 783, 786 (N.D.1996) (citation omitted). The facts and circumstances of each case are critical to an arresting officer's determination of probable cause. *Witte*, at 20 (citing *Brinegar v. United States*, 338 U.S. 160, 176, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949)); *see also Asbridge v. North Dakota State Highway Comm'r*, 291 N.W.2d 739, 744 (N.D.1980) (citing *Witte*, at 20).

[¶ 14] In this case, the hearing officer ascertained the arresting officer "had reasonable grounds to believe [Stanton] was the driver of the vehicle at the time of the accident based upon [Stanton's] response and the surrounding circumstances." The hearing officer explicitly recognized there was no evidence in the record Stanton denied being the driver of the vehicle. She concluded "[Stanton] was the driver of the vehicle involved in the accident witnessed by [the officer]," and explained "[a]lthough, [Stanton] did not unequi[vocally] admit to being the driver of the vehicle, a reasonable inference may be made that he was the driver." *See Russell v. Moore, Director, North Dakota Dep't of Transp.*, 1997 ND 111, ¶ 10, 564 N.W.2d 278 (citation omitted) (acknowledging "when more than one reasonable inference can be made from the evidence, a reviewing court must affirm the inference made by the hearing officer").

[¶ 15] The facts and circumstances in this case, and the reasonable inferences that can be drawn from them, support the conclusion the officer had reasonable grounds to arrest Stanton for driving under the influence of alcohol. The evidence presented at the administrative hearing was sufficient to allow the hearing officer to find the arresting officer: (1) witnessed an accident and noted "the color and basic type of [the 'striking'] vehicle" and a "lone occupant;" (2) ascertained Stanton was the owner of the "striking" vehicle; (3) saw "the same vehicle he had observed in the accident parked in [Stanton's] driveway;" (4) determined "[t]his vehicle had front-end damage consistent with the accident, and the license plate matched that given by the other witnesses," (5) elicited a "maybe" from Stanton when asked whether "he had been involved in the accident on Fourth Street earlier;" and (6) "noticed the odor of an alcoholic beverage coming from [Stanton]." Stanton did not present any contradictory evidence. The hearing officer, therefore, could conclude the arresting officer "had reasonable grounds to believe [Stanton] was the driver of the vehicle at the time of the accident based upon [Stanton's] response and the surrounding circumstances."

[¶ 16] While exercising restraint in our review of the hearing officer's findings, we conclude a reasonable mind could have ascertained the findings at the administrative hearing under N.D.C.C. § 39–20–05(2) were proven by the weight of the evidence. We further conclude the hearing officer's findings of fact support the conclusion that the

officer had reasonable grounds or probable cause to arrest Stanton for driving under the influence.

[¶ 17] Stanton argues a finding he was the actual driver is a prerequisite to establishing jurisdiction. He contends under N.D.C.C. § 39-20-05(2) the hearing officer's finding "a reasonable inference may be made that he was the driver" was insufficient to support her conclusion that the arresting officer had reasonable grounds to believe he was driving in violation of N.D.C.C. § 39-08-01. We disagree.

[¶ 18] Stanton's position would preclude an administrative hearing officer from drawing reasonable inferences from the evidence. During an administrative hearing the hearing officer is the fact-finder. *Axtman v. Moore, Director, North Dakota Dep't of Transp.*, 534 N.W.2d 802, 804 (N.D.1995) (concluding because all the other evidence before the hearing officer was dated November 10, 1994, it was permissible for the hearing officer to reasonably infer that the report and notice form issued to Axtman was received on November 10, 1994, and not November 10, 1993). "It is the province of the fact-finder to receive evidence and draw reasonable inferences from that evidence." *Id.* (citations omitted). Utilizing common sense and experience, a hearing officer may draw inferences from the evidence presented. *Nelson v. Director, North Dakota Dep't of Transp.*, 1997 ND 81, ¶ 11, 562 N.W.2d 562 (citation omitted); *Pavek v. Moore, Director, North Dakota Dep't of Transp.*, 1997 ND 77, ¶ 10, 562 N.W.2d 574.

[¶ 19] Accordingly, in an administrative hearing under N.D.C.C. § 39-20-05(2), the hearing officer may draw reasonable inferences from the evidence presented in order to ascertain whether the arresting officer had reasonable grounds to believe the person had been driving a vehicle in violation of section 39-08-01. Under the plain language of N.D.C.C. § 39-20-05(2), there is no jurisdictional requirement the hearing officer must determine the person arrested was the "actual driver," without relying on reasonable inferences from the evidence presented. Such an interpretation would make the phrase "reasonable grounds to believe" meaningless.

[¶ 20] This court held in *State v. Rieger*, 281 N.W.2d 252, 255 (N.D.1979), a criminal defendant may be convicted of reckless driving based on inferences from circumstantial evidence alone. Although the arresting officer admitted he never saw Rieger actually driving and Rieger denied being the driver, we concluded the circumstantial evidence was sufficient for the trier of fact to ascertain Reiger was driving. *Id.* at 253, 255. If a positive identification of the "actual driver" is unnecessary to support a criminal conviction for reckless driving where the standard is beyond a reasonable doubt, a reasonable inference based upon circumstantial evidence that the person was the driver is sufficient to suspend a person's driving privileges under N.D.C.C. § 39-20-05(2) when the standard is a preponderance of the evidence.

[¶ 21] In this case, the hearing officer drew inferences from the evidence presented based on her common sense and experience. A positive identification that Stanton was the "actual driver" was not required by N.D.C.C. § 39-20-05(2). The hearing officer, therefore, ascertained the arresting officer "had reasonable grounds to believe [Stanton] was the driver of the vehicle at the time of the accident based upon [Stanton's] response and the surrounding circumstances."

[¶ 22] The hearing officer's findings of fact are supported by a preponderance of the evidence, the conclusions of law are sustained by the findings of fact, and the decision to suspend Stanton's license is in accordance with the law. We therefore affirm the judgment of the district court.

[¶ 23] VANDE WALLE, C.J., and MARING, NEUMANN and SANDSTROM, JJ., concur.