1999 ND 140

**Raymond S. MORRELL, Petitioner and Appellee,**

v.

**NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Respondent and Appellant.**

**No. 990024.**

Supreme Court of North Dakota.

July 15, 1999.

Timothy Q. Purdon (argued) and Thomas A. Dickson, Dickson Law Office, Bismarck, for petitioner and appellee.

Andrew Moraghan, Assistant Attorney General, Bismarck, for respondent and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] The North Dakota Department of Transportation (Department) appealed from an order of the district court affirming the Department's decision suspending Raymond S. Morrell's driving privileges, but limiting the suspension to 91 days. We affirm.

I

[¶ 2] Morrell was arrested for driving under the influence of alcohol. The results of an Intoxilyzer test indicated Morrell had a blood alcohol concentration of .15 percent by weight. A temporary operator's permit was issued to Morrell on or about June 25, 1998, and a Report and Notice were mailed to the Department on June 26, 1998. Morrell timely requested a hearing.

[¶ 3] July 8, 1998, the Department mailed Morrell a "Notice of Administrative Hearing Before the NDDOT Director." This Notice stated "[t]he administrative hearing regarding the suspension of the petitioner's driving privileges for **91 days** will be held on **07/22/1998 at 3 p.m.**....." The hearing officer also sent a Notice of Information/Documents to Morrell's counsel. The Notice stated that attached were a "driving record abstract, central record, and record of prior alcohol-related offense(s), if any" and informed Morrell's counsel these documents would be offered into evidence at the hearing. Morrell's driving-record abstract and "Central Record" were attached to the Notice. These records indicated Morrell had previously been convicted of Driving Under the Influence (DUI) in 1996 and his license suspended for 91 days.

[¶ 4] An administrative hearing was held July 22, 1998. During the hearing, Morrell objected to the admission of the driving-record abstract, "Central Record" and 1996 DUI citation and notice of conviction on the basis these records were irrelevant to a 91–day suspension. The hearing officer, after examining the notice, determined the notice wrongly stated the hearing was for a 91–day suspension. However, the hearing officer received the records in evidence concluding, "I find petitioner was adequately notified that the proposed suspension period is 365 days." Morrell's license was suspended for 365 days and he appealed the hearing officer's decision to the Burleigh County District Court.

[¶ 5] The district court determined Morrell was not fairly notified of the possibility his prior DUI conviction would be considered for the purpose of lengthening the suspension. The court further concluded the hearing officer did not give Morrell an opportunity for a continuance to defend against the increased suspension. The district court affirmed the Department's decision to suspend Morrell's driving privileges, but reduced the suspension from 365 days to 91 days.

[¶ 6] The Administrative Agencies Practice Act, N.D.C.C. ch. 28–32, governs the review of an administrative decision to suspend or revoke a driver's license. *Dworshak v. Moore*, 1998 ND 172, ¶ 6, 583 N.W.2d 799. When reviewing a driver's license suspension, we review the agency's decision, not the district court's decision. *Id.* We affirm the agency's decision unless:

> 1) a preponderance of the evidence does not support the agency's findings; 2) the agency's findings of fact do not support its conclusions of law and its decision; 3) the agency's decision violates the constitutional rights of the appellant; 4) the agency did not comply with the Administrative Agencies Practice Act in its proceedings; 5) the agency's rules or procedures have not afforded the appellant a fair hearing; or 6) the agency's decision is not in accordance with the law.

*Id.* When reviewing the findings of an administrative agency, we do not substitute our own judgment for that of the agency, but instead determine whether a reasonable mind could have determined that the factual conclusions were proven by the weight of the evidence presented. *Stanton v. Moore*, 1998 ND 213, ¶ 10, 587 N.W.2d 148.

[¶ 7] The Department contends the suspension period should not have been reduced to 91 days because Morrell did have sufficient notice a 365–day suspension was possible. Under section 39–20–04.1(1)(b), N.D.C.C., the administrative sanction for driving a vehicle while having a certain alcohol concentration is suspension of the

individual's driver's license for 365 days if the driving record shows a previous suspension or revocation. According to the Department, Morrell's receipt of the driving-record abstract and "Central Record" prior to the hearing informed him of the potential for enhancement of the penalty. The Department also argues that, even if Morrell did not receive proper notice of the 365-day suspension, he failed to show he was unfairly prejudiced by the insufficient notice.

## II

[¶ 8] The inquiry in resolving a due process claim is twofold: Whether a constitutionally protected property or liberty interest is at stake and, if so, whether minimum procedural due process requirements were met. *Ennis v. Williams County Bd. of Com'rs.*, 493 N.W.2d 675, 678 (N.D.1992) (citing *Livingood v. Meece*, 477 N.W.2d 183, 193 (N.D.1991)). If no constitutionally protected interest is involved, the due process requirements do not apply. *Id.* "It is well settled that a driver's license is a protectable property interest that may not be suspended or revoked without due process." *Sabinash v. Director of Dept. of Transp.*, 509 N.W.2d 61, 63 (N.D.1993); *see also Kobilansky v. Liffrig*, 358 N.W.2d 781, 786 (N.D.1984) (stating a driver's license is a protectable property interest to which the guarantee of procedural due process applies). Thus, Morrell was entitled to procedural due process in the administrative hearing.

[¶ 9] Due process requires a participant in an administrative proceeding be given notice of the general nature of the questions to be heard, and an opportunity to prepare and be heard on those questions. *Saakian v. North Dakota Workers Comp. Bur.*, 1998 ND 227, ¶ 11, 587 N.W.2d 166. Notice is sufficient if it informs the party of the nature of the proceedings so there is no unfair surprise. *Id.* The due process requirements for an administrative hearing are embodied in section 28–32–05(3)(c), N.D.C.C. The statute provides:

> A hearing under this subsection may not be held unless the parties have been properly served with a copy of the notice of hearing as well as a written specification of issues for hearing or other document indicating the issues to be considered and determined at the hearing. In lieu of, or in addition to, a specification of issues or other document, an explanation about the nature of the hearing and the issues to be considered and determined at the hearing may be contained in the notice.

N.D.C.C. § 28–32–05(3)(c). Basic notions of fundamental fairness also require a person challenging an agency action be adequately informed in advance of the questions to be addressed at the hearing so the person can be prepared to present evidence and arguments on those questions. *Saakian*, at ¶ 11.

[¶ 10] The notice, prepared by the hearing officer and received by Morrell, stated the proposed suspension period was 91 days. The notice fails to reference a 365–day suspension period. It wasn't until the hearing that the hearing officer announced the 91–day suspension period was an error. We agree with the district court that the notice did not fairly alert Morrell his prior conviction would be considered for the purpose of enhancing the suspension period.

## III

[¶ 11] A determination the administrative hearing notice was constitutionally deficient does not end our inquiry. Generally, there is no right to redress if a party cannot show prejudice resulting from an allegedly defective notice. *Wahl v. Morton County Social Services*, 1998 ND 48, ¶ 8, 574 N.W.2d 859; *see also Carlson v. Job Service North Dakota*, 548 N.W.2d 389, 395 (N.D.1996) (stating a person is denied due process or a fair hearing when the defects in the hearing process might lead to a denial of justice).

[¶ 12] The Department contends that, even if the notice was inadequate, Morrell has failed to demonstrate any harm suffered as a result of the deficient notice. The Department argues the insufficient notice is not a prejudicial defect because several procedural devices were available to Morrell. In raising this argument, the Department attempts to place the burden on Morrell to request a continuance.

[¶ 13] Morrell was prejudiced by the Department's insufficient notice. As we emphasized in *Saakian*, at ¶ 11, an individual needs to be adequately informed in advance of the issues to be addressed at a hearing so the person can be prepared to present evidence and arguments. In the present case, there are several issues relevant to the enhancement of the suspension period for a second DUI offense for which Morrell did not have a meaningful opportunity to prepare arguments. *See, e.g., State v. Orr*, 375 N.W.2d 171, 178–79 (N.D. 1985) (finding an individual may not receive an enhanced penalty for a second DUI offense where first DUI conviction resulted from an uncounseled guilty plea without evidence of waiver of counsel); N.D.C.C. § 39–20–04.1(1)(b) (requiring an individual be convicted of violating section 39–08–01, N.D.C.C., or an equivalent ordinance before an enhanced penalty for second DUI offense is applicable). Morrell was not informed until the hearing, the issue to be addressed was the enhancement of the penalty. Therefore, without a continuance, Morrell did not have an opportunity to prepare and present evidence and arguments related to the 365–day suspension period.

[¶ 14] It is well-settled that the moving party, here the Department, has the burden of proof in an administrative hearing. *See Kobilansky*, 358 N.W.2d at 790. Because it was the hearing officer who sent the improper notice to Morrell, if a continuance were to be requested, it was the Department or the hearing officer who should have advanced the possibility of a continuance to allow Morrell to be properly notified of the 365–day suspension and also allow him an opportunity to present evidence and arguments related to the enhanced penalty.[1] *See* N.D.C.C. §§ 39–20–04.1, 39–20–05 and N.D.C.C. § 28–32–19(4). *Cf. State v. Northern Pacific Railway Company*, 75 N.W.2d 129 (N.D.1956) (holding Public Service Commission must offer railway company a written complaint or specification of issues and an opportunity to present evidence); *State v. Gahner*, 413 N.W.2d 359 (N.D.1987) (holding where complaint against defendant did not allege a more serious offense or set out prior DUI convictions, trial court erred in enhancing penalty even though defendant knew about his two prior convictions and statute providing for enhanced penalty).

[¶ 15] The district court's order is affirmed.

[¶ 16] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, and WILLIAM A. NEUMANN, JJ., and NORMAN J. BACKES, D.J., concur.

[¶ 17] NORMAN J. BACKES, D.J., sitting in place of SANDSTROM, J., disqualified.

---

1. A continuance could create problems with the timing of the administrative hearing. Under section 39–20–05(1), N.D.C.C., an administrative "hearing must be held within twenty-five days after the date of issuance of the temporary operator's permit, but the hearing officer may extend the hearing to within thirty days after the issuance of the temporary operator's permit to accommodate the efficient scheduling of hearings."; *see also Greenwood v. Moore*, 545 N.W.2d 790, 795–96 (N.D.1996) (stating a hearing regarding the suspension of a driver's license must be completed, not merely commenced within the designated time). The temporary operator's permit was issued to Morrell around June 25, 1998. The administrative hearing was completed on July 22, 1998, 27 days after the issuance date. Therefore, the Department had only three days to complete its hearing.