KELLY, J.
(dissenting). MCL 500.3151 and MCR 2.311 do not conflict. Rather, they can and should be *195 read together. Accordingly, during plaintiff’s declaratory judgment action, when defendant sought a court order that instructed plaintiff to submit to a physical examination under MCL 500.3151, the court properly issued such an order. The court did not abuse its discretion in imposing various conditions in the order pursuant to MCR 2.311. Accordingly, I dissent from the majority opinion, which holds to the contrary, and would affirm the judgment of the Court of Appeals. Muci v State Farm Mut Automobile Ins Co, 267 Mich App 431; 705 NW2d 151 (2005).
APPLICABLE STANDARD OF REVIEW
The interpretation of court rules and statutes presents an issue of law that is reviewed de novo. Lapeer Co Clerk v Lapeer Circuit Judges, 465 Mich 559, 566; 640 NW2d 567 (2002). Additionally, the no-fault act is remedial in nature and is to be liberally construed in favor of the persons who are intended to benefit from it. Turner v Auto Club Ins Ass’n, 448 Mich 22, 28; 528 NW2d 681 (1995).
MCL 500.3151 AND MCR 2.311 DO NOT CONFLICT
This Court granted leave to appeal to determine, among other things, whether MCL 500.3151 and MCR 2.311 conflict. 475 Mich 877 (2006). As this Court noted in McDougall v Schanz: “When there is no inherent conflict, ‘[w]e are not required to decide whether [the] statute is a legislative attempt to supplant the Court’s authority.’ ‘We do not lightly presume that the Legislature intended a conflict, calling into question this Court’s authority to control practice and procedure in the courts.’ ’[1]
*196 MCL 500.3151 provides:
When the mental or physical condition of a person is material to a claim that has been or may be made for past or future personal protection insurance benefits, the person shall submit to mental or physical examination by physicians. A personal protection insurer may include reasonable provisions in a personal protection insurance policy for mental and physical examination of persons claiming personal protection insurance benefits.
The statute mandates that a person who seeks personal protection benefits “shall submit to mental or physical examination by physicians.” Id. The use of the term “shall” indicates a mandatory and imperative directive that the claimant submit to examinations.[2] However, the statute does not indicate that the examination must be unrestricted or that the court cannot impose reasonable conditions on it. Moreover, the statute does not mandate that an independent medical or physical examination be performed by a physician chosen by the defendant.[3]
MCL 500.3151 provides that an insurer may include in a personal protection insurance policy reasonable provisions for mental and physical examinations of persons claiming personal protection insurance benefits. This enables the insurer to gather information in *197 order to establish the claimant’s entitlement to benefits and detect fraud. See Cruz v State Farm Mut Automobile Ins Co, 466 Mich 588, 608; 648 NW2d 591 (2002) (Kelly, J., concurring in part and dissenting in part).[4]
During litigation, if an insurer wishes to seek a court order requiring the claimant to submit to a mental or physical examination, the insurer may bring a motion under MCR 2.311(A), which provides:
When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental or blood examination by a physician (or other appropriate professional) or to produce for examination the person in the party’s custody or legal control. The order may be entered only on motion for good cause with notice to the person to be examined and to all parties. The order must specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made, and may provide that the attorney for the person to be examined may be present at the examination.
In order to obtain a court order under MCR 2.311(A), the insurer will have to demonstrate good cause[5] and provide notice to the claimant and to all parties. Any court order requiring the plaintiff to submit to a physical or mental examination will specify, among other things, the time, place, manner, conditions, and scope of the examination. Id. The order may also provide that *198 the attorney for the person to be examined may be present at the examination. Id.
Therefore, under this analysis, MCL 500.3151 and MCR 2.311(A) can be read in harmony. Because on their face they do not conflict, there is no need to decide whether the statute is a legislative attempt to supplant the Court’s authority. Accordingly, the trial court properly relied on MCR 2.311(A) when deciding whether to impose various conditions on plaintiffs examination.[6]
The majority concludes that the statute and the court rule conflict because the court rule allows court-imposed conditions while the statute is silent on the subject. I find this argument unpersuasive. Although MCL 500.3151 requires a claimant to undergo a medical examination to receive personal protection benefits, it does not state that the examination must be without limits. Nothing in the statute prohibits a court from imposing conditions on the examination once litigation has commenced. Their imposition, if reasonable, would not interfere with the insurer’s substantive right to force a claimant to submit to an examination.
Moreover, the application of MCR 2.311(A) to disputes concerning an insurer’s ability to enforce MCL 500.3151 is consistent with MCL 500.3159, the discovery provision of the no-fault act, MCL 500.3101 et seq. MCL 500.3159 provides:
In a dispute regarding an insurer’s right to discovery of facts about an injured person’s earnings or about his *199 history, condition, treatment and dates and costs of treatment, a court may enter an order for the discovery. The order may be made only on motion for good cause shown and upon notice to all persons having an interest, and shall specify the time, place, manner, conditions and scope of the discovery. A court, in order to protect against annoyance, embarrassment or oppression, as justice requires, may enter an order refusing discovery or specifying conditions of discovery and may order payments of costs and expenses of the proceeding, including reasonable fees for the appearance of attorneys at the proceedings, as justice requires.
MCL 500.3159 provides that, if a dispute exists regarding an insurer’s right to discovery of facts about matters such as the injured person’s condition, the court may enter a discovery order. Id. Similarly, MCR 2.311(A) provides that, if the mental or physical condition of a party is in controversy, the court may enter an order for a medical examination. Both MCL 500.3159 and MCR 2.311(A) provide that the order may be made only “on motion for good cause.” Moreover, MCL 500.3159 provides that the order “shall specify the time, place manner, conditions and scope of the discovery,” while MCR 2.311(A) similarly provides that the order “must specify the time, place, manner, conditions, and scope of the examination ... .”
Accordingly, both MCL 500.3159 and MCR 2.311(A): (1) apply to disputes involving a person’s condition, (2) provide that a court may order a party to abide by the relevant form of discovery, (3) provide that the order will be made only on motion for good cause, and (4) provide that the order must specify the time, place, manner, conditions, and scope of the relevant discovery. Rather than conflicting in any respect, the statute and the court rule are parallel with one another.[7]
*200 Therefore, because MCL 500.3151 and MCR 2.311 do not conflict, there is no need to decide whether the statute is a legislative attempt to supplant the Court’s authority. McDougall v Schanz, 461 Mich 15, 24; 587 NW2d 148 (1999). Accordingly, I would affirm the judgment of the Court of Appeals. It correctly affirmed the trial court’s decision that defendant’s motion to compel a medical examination pursuant to MCL 500.3151 was a request for a discovery device that is subject also to MCR 2.311.
APPROPRIATENESS OF THE PARTICULAR CONDITIONS AT ISSUE
Because I find that the trial court was empowered to impose conditions on the examination, the next issue is whether the particular conditions it imposed were warranted.
This Court reviews a trial court’s decision regarding discovery for an abuse of discretion. People v Phillips, 468 Mich 583, 587; 663 NW2d 463 (2003). In this case, defendant challenges the following court-imposed conditions:
2. That the Plaintiff may be accompanied by her attorney or other representative as allowed by MCR 2.311(A) to observe the examination and/or be permitted to record the examination by means of simultaneous audio and visual recording.
*201 14. That Plaintiff will not be required to give any oral history of the accident.
15. That Plaintiff will not be required to give any oral medical history not related to the areas of injuries claimed in this lawsuit.
Defendant agreed to the condition that plaintiff be accompanied by her attorney “and/or” be permitted to record the examination if the court ruled that MCR 2.311(A) applied. Muci, 267 Mich App 442-443. Accordingly, because I conclude that MCR 2.311(A) applies, defendant has agreed to allow plaintiffs attorney to attend the examination and to allow the examination to be recorded. In any event, MCR 2.311(A) explicitly provides that an attorney may be present during the examination.
With regard to the condition forbidding the physician from taking an oral history of the accident, defendant has other means to accomplish this objective. It can request that plaintiff answer interrogatories outlining the history of the accident. See MCR 2.309. Defendant can also request that plaintiff answer interrogatories outlining plaintiffs unrelated medical history. Id.
It is important to note that the conditions do not preclude a written history of unrelated medical injuries. They do not preclude the physician from inquiring into plaintiffs mental or physical condition at the time of the accident or asking how the injuries occurred or other similar questions. Accordingly, I believe that the remaining conditions challenged were reasonable, and the trial court did not abuse its discretion in imposing them.
CONCLUSION
MCL 500.3151 and MCR 2.311 do not conflict. Rather, they can be read in harmony. Specifically, MCL 500.3151 mandates that a claimant submit to a mental *202 or physical examination. However, it does not state that this is a limitless statutory right. MCR 2.311 is the court rule addressing orders for physical or mental examinations when, as in this case, an action is pending. And it provides that the court can impose conditions on the order.
I conclude that the trial court properly relied on MCR 2.311 in imposing various conditions on the order mandating that plaintiff submit to a mental or physical examination. The conditions imposed were not an abuse of discretion. Accordingly, the Court of Appeals judgment should be affirmed.
CAVANAGH and WEAVER, JJ., concurred with KELLY, J.

 461 Mich 15, 24; 587 NW2d 148 (1999) (citation omitted). In McDougall, the issue before this Court was whether MCL 600.2169 and MRE 702 could he construed so as to avoid a conflict.

 This Court has noted that the Legislature’s use of the word “shall” in a statute generally indicates a mandatory and imperative directive. Costa v Community Emergency Med Services, Inc, 475 Mich 403, 409; 716 NW2d 236 (2006), citing Burton v Reed City Hosp Corp, 471 Mich 745, 752; 691 NW2d 424 (2005).

 Moreover, as noted by the Court of Appeals, there is no language in MCL 500.3151 that indicates that the statute applies only to prelitigation medical examinations. Muci, 267 Mich App 436 n 5. It is foreseeable that a claimant may undergo an examination pursuant to MCL 500.3151 before the commencement of litigation. It is equally conceivable that the claimant will not undergo an examination pursuant to MCL 500.3151 until after litigation has commenced.

 Justice Cavanagh concurred in my opinion.

 As noted by plaintiff at oral argument, it is likely that in most, if not all, situations, the good-cause requirement will be easily established by reliance on MCL 500.3151. That provision mandates that the claimant submit to a mental or physical examination if the claimant’s mental or physical condition is material to the claim for personal protection insurance benefits.

 The majority contends that my dissent fails to appreciate that MCR 2.311 applies only when litigation is pending. In doing so, it makes a distinction where there is none to be made. Plaintiff filed a declaratory-action for personal protection insurance benefits. Therefore, for purposes of MCR 2.311(A), there was an “action. . . pending” when defendant moved to compel the independent medical examination pursuant to MCL 500.3151.

 Defendant contended at oral argument that MCL 500.3159 is the enforcement mechanism for MCL 500.3158. However, the language of *200 MCL 500.3159 does not indicate that the provision is the enforcement mechanism for MCL 500.3158. This is in sharp contrast to MCL 500.3153, the enforcement mechanism for MCL 500.3151 and MCL 500.3152, which specifically provides that “[a] court may make such orders in regard to the refusal to comply with sections 3151 and 3152 as are just. ..MCL 500.3153. Accordingly, the Legislature clearly knows how to specify that a particular provision is an enforcement mechanism for a preceding provision. The absence of such a specification in MCL 500.3159 suggests that the Legislature did not intend that statute to be an enforcement provision for MCL 500.3158.