Pavek v. Moore, 1997 ND 77, 562 N.W.2d 574|N.D. Supreme Court|
Pavek v. Moore, 1997 ND 77, 562 N.W.2d 574
[Go to Documents]
Filed Apr. 22, 1997
IN THE SUPREME COURT
STATE OF NORTH DAKOTA
1997 ND 77
Robert Alan Pavek, Jr., Plaintiff and Appellee
v.
Marshall Moore, Director, North Dakota Department of Transportation, Defendant and Appellant
Civil No. 960381
Appeal from the District Court of Ward County, Northwest Judicial District, the Honorable Glenn Dill, III, Judge.
AFFIRMED.
Opinion of the Court by VandeWalle, Chief Justice.
Thomas K. Schoppert, Schoppert Law Firm, Northland Professional Building, 600 22nd Avenue NW, Minot, ND 58701, for plaintiff and appellee.
Candace A. Prigge, Assistant Attorney General, Attorney General's Office, 900 East Blvd. Avenue, Bismarck, ND 58505-0041, for defendant and appellant.
Pavek v. Moore
Civil No. 960381
VandeWalle, Chief Justice.
[¶1] Marshall Moore, the Commissioner of the North Dakota Department of Transportation (the Department), appealed from the district court's judgment reversing a Department hearing officer's decision to suspend Robert Pavek's commercial driving privileges. The district court reversed because the Department had not properly established that Pavek was the driver, or if he was the driver, the time in which Pavek operated a motor vehicle. We affirm the district court's judgment.
[¶2] On July 29, 1996, North Dakota State Highway Trooper Jim Rist was conducting safety checks for commercial carriers at the Minot scale. Rist was asked to investigate a person's sobriety by Frank Senn, a civilian inspector. Rist found Pavek in the scale house and Rist stated he detected a strong odor of alcohol from Pavek. Rist asked Pavek to submit to the horizontal gaze nystagmus test and concluded, based on the results of the test, Pavek had been drinking. Rist informed Pavek of the implied consent law and performed an Alco-Sensor test, which Pavek failed. Rist placed Pavek under arrest and noted the time of driving as 5:45 p.m. Rist never saw Pavek driving. Pavek was transported to the Ward County Sheriff's Office where he submitted to an Intoxilyzer test, which revealed a blood alcohol content (BAC) of .07%, in violation of N.D.C.C. § 39-06.2-10.1.(1) This test was performed at 6:36 p.m.
[¶3] At Pavek's request, an administrative hearing was held in August of 1996, and Pavek's commercial driving privileges were suspended for one year. On appeal, the district court reversed the decision of the hearing officer, stating the "report and the decision of the hearing officer are based upon an assumption rather than evidence," because Rist never saw Pavek actually driving.
[¶4] An appeal from a Department of Transportation hearing officer's decision suspending driving privileges is governed by the Administrative Agencies Practices Act. N.D.C.C. Ch. 28-32; e.g., Rudolph v. North Dakota Dep't of Transp., 539 N.W.2d 63, 65 (N.D. 1995). On appeal, we review the record of the administrative hearing officer rather than the district court. Erickson v. Director, North Dakota Dep't of Transp., 507 N.W.2d 537, 539 (N.D. 1993); Holler v. Director, North Dakota Dep't of Transp., 470 N.W.2d 616, 617 (N.D. 1991). The hearing officer's findings of fact must be supported by a preponderance of the evidence. N.D.C.C. § 28-32-19(5). In determining whether an agency's findings of fact are supported by a preponderance of the evidence, we consider whether a person could reasonably have determined the factual conclusions were supported by the weight of the evidence. Rudolph, 539 N.W.2d at 66 (citing Power Fuels, Inc. v. Elkin, 283 N.W.2d 214, 220 (N.D. 1979)); Knudson v. Director, North Dakota Dep't of Transp., 530 N.W.2d 313, 316 (N.D. 1995).
[¶5] Section 39-06.2-10.1, N.D.C.C., prohibits the driving of a commercial vehicle by a person with a BAC of .04% or greater. A person driving a commercial vehicle "is deemed to have given consent to take a test or tests of that person's blood, breath, or urine . . ." in order to establish the drivers BAC. N.D.C.C. § 39-06.2-10.2(1). The results of any one of these tests, "administered within two hours of driving or being in actual physical control of a commercial motor vehicle is that person's [BAC]. . . ." Id. Thus, the prohibition and procedure are bifurcated. Section 39-06.2-10.1 prohibits the driving of a commercial vehicle while having a BAC of .04% or greater, and section 39-06.2-10.2 provides the test for BAC must be done within two hours of driving or being in actual physical control of a commercial motor vehicle. Under section 39-06.2-10.6, the scope of the hearing is limited to issues of:
"[W]hether the arresting officer had reasonable grounds to believe the person had been driving or was in actual physical control . . . whether the person was lawfully detained, whether the person was tested in accordance with section 39-06.2-10.2, and whether the test results show the person had an alcohol concentration of at least four one-hundredths of one percent by weight. . . ."
N.D.C.C. § 39-06.2-10.6(2).
[¶6] It is not immediately clear as to when the chemical test must be performed in relation to the time of driving, in that the requirement the chemical test be performed within two hours is not specifically spelled out in section 39-06.2-10.1, the section which describes the violation. However, despite this confusion, we believe the legislature intended for the chemical test to be performed within two hours of the person driving or being in actual physical control, as it is with other drivers. See N.D.C.C. § 39-08-01.
[¶7] To establish a per se violation of N.D.C.C. § 39-08-01(1)(a), a chemical test must be performed within two hours of driving. State v. Steinmetz, 552 N.W.2d 358, 361 (N.D. 1996); City of Grand Forks v. Soli, 479 N.W.2d 872, 874 (N.D. 1992). However, even if the chemical test was performed outside the two-hour window, the test results may be admitted to show the defendant drove under the influence of intoxicating liquor, but may not be used to demonstrate a per se violation. See City of Grand Forks v. Risser, 512 N.W.2d 462, 465 (N.D. 1994) (stating a test performed 2 hours and 39 minutes after the defendant operated a motor vehicle still retained probative value as to the defendant's intoxicated state). Here, however, under § 39-06.2-10.1, the violation is a per se violation.
[¶8] Rist, in filling out the Report and Notice form, noted the time of Pavek's arrest at 5:45 p.m., and the time of the performance of the chemical test at 6:36 p.m. The Department contends this is prima facie evidence of the time Pavek drove and further contends this evidence was not refuted by the defense. We have held the Report and Notice form, coupled with an officer's testimony, may be sufficient to establish the time of driving in order to determine whether the chemical test was performed within two hours of that time. See Maher v. North Dakota Dep't of Transp., 539 N.W.2d 300, 303 (N.D. 1995).
[¶9] However, at the administrative hearing, the exact time of driving was placed in question when the Department's hearing officer stated Rist was asked to investigate a person's sobriety at "approximately 5:45 p.m." But, Rist on the Notice and Report form, stated Pavek was "driving" at 5:45 p.m. Clearly, this was not the time of driving. There was no other evidence from Rist or from Senn, the civilian inspector, to establish the time of driving.
[¶10] Using her common sense and experience, the finder of fact might infer Pavek was the driver because ordinarily only drivers would be at the scale and because Senn would not request Pavek be investigated for sobriety if he were not the driver. See Nelson v. Director, North Dakota Dep't of Transp., 1997 ND 81, ¶11, N.W.2d ; Axtman v. Moore, 534 N.W.2d 802, 804 (N.D. 1995). That inference cannot extend to the time of driving under the facts in evidence, because there is no evidence as to the length of time Pavek was at the scale before Senn made the request to Rist. The hearing officer did not, in fact, make any specific finding as to the time of driving and therefore could not have relied on common sense and experience. On this record, the time of driving was not determined, and the Department was unable to establish if the Intoxilyzer test was conducted within two hours of Pavek driving a motor vehicle, as required by N.D.C.C. § 39-06.2-10.2.
[¶11] We affirm the decision of the district court.
[¶12]
Gerald W. VandeWalle, C.J.
Dale V. Sandstrom
William A. Neumann
Mary Muehlen Maring
Herbert L. Meschke
Footnote:
1. Section 39-06.2-10.1 provides, "[a]ny person who drives or is in actual physical control of a commercial motor vehicle within this state with an alcohol concentration of at least four one-hundredths of one percent by weight must, in addition to any other sanctions which may be imposed under this code, be disqualified from driving a commercial motor vehicle under section 39-06.2-10."