Filed 4/11/13 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2013 ND 62

Tyler Scott Dawson, Petitioner and Appellant

v.

North Dakota Department of Transportation, Respondent and Appellee

No. 20120417

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Gail H. Hagerty, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Maring, Justice.

Justin D. Hager, 1110 College Dr., Ste. 211, Bismarck, N.D. 58501-1225, for petitioner and appellant.

Douglas B. Anderson, Office of Attorney General, 500 N. 9th St., Bismarck,  N.D. 58501-4509, for respondent and appellee.

Dawson v. N.D. Dep’t of Transportation

No. 20120417

Maring, Justice.

[¶1] Tyler Dawson appeals from a district court judgment affirming a North Dakota Department of Transportation hearing officer’s decision to suspend Dawson’s driving privileges for two years for driving under the influence of alcohol.  We conclude a reasoning mind could not reasonably conclude the finding that Dawson drove or was in physical control of a motor vehicle within two hours of the performance of a chemical test was supported by a preponderance of the evidence on the entire record.  Therefore, we reverse the district court’s judgment and the Department hearing officer’s decision and remand to the Department for reinstatement of Dawson’s driving privileges.

I

[¶2] On June 17, 2012, Officer Joseph Van Inwagen arrested Dawson for driving under the influence of alcohol and, subsequently, issued a Report and Notice to suspend Dawson’s driving privileges.  The Report and Notice stated Dawson had a blood-alcohol concentration of .184 percent at 4:45 p.m., and Dawson had been driving at 3:12 p.m.  Dawson requested and received an administrative hearing.

[¶3] At the administrative hearing, Officer Van Inwagen testified.  Officer Van Inwagen stated he had received a dispatch report at approximately 3:15 p.m. indicating a boat had fallen off a trailer being pulled by a vehicle and the driver did not stop.  When he arrived at the accident site the driver of the vehicle was not present.  He drove to the west and south of the accident site but did not find the driver.  He also testified that he had not been in the area prior to receiving the dispatch report.

[¶4] Officer Van Inwagen then testified that he received another call from dispatch several minutes later stating the driver of the vehicle had returned to the accident site. Officer Van Inwagen returned to the accident site and spoke with Dawson who admitted driving the vehicle, losing control, and going into the ditch.  Dawson also admitted consuming alcohol.  Officer Van Inwagen testified Dawson’s pickup was parked to the east of the accident site, and that Dawson had parked his pickup and received a ride back to the accident site from one of the witnesses via a four-wheeler.  Officer Van Inwagen interviewed several witnesses at approximately 4:00 p.m., who indicated to him that the accident happened within a fifteen-minute window prior to the dispatch call, which occurred at approximately 3:10 p.m.  Dawson objected to the admission of the  witnesses’ statements to Officer Van Inwagen based on hearsay.  The hearing officer overruled the objection, concluding the present sense impression and the excited utterance exceptions applied.

[¶5] The hearing officer found the accident occurred just prior to dispatch’s initial report and that Dawson had been driving when he returned to the accident site at 3:15 p.m.  Therefore, the hearing officer concluded Dawson had been driving or in physical control of a motor vehicle within two hours of the performance of a chemical test.

[¶6] Dawson appealed to the district court.  The district court concluded the hearing officer improperly considered the hearsay statements regarding the time the accident occurred.  The district court concluded the present sense impression exception did not apply to the hearsay statements as the statements were not made contemporaneously with or immediately after observing the event.  The district court also concluded the excited utterance exception did not apply to the hearsay statements because the statements “were not the product of the ‘stress or excitement resulting from the startling event or condition.’”

[¶7] The district court held, however, the greater weight of the evidence established that a reasoning mind could reasonably conclude Dawson was driving at approximately 3:15 p.m. when he returned to the accident site.  Therefore, the district court affirmed the hearing officer’s conclusion the chemical test was performed within two hours of Dawson either driving or being in physical control of a motor vehicle.  Dawson appeals the judgment of the district court.

II

[¶8] We review a decision to suspend a person’s driving privileges under N.D.C.C. ch. 28-32, the Administrative Agencies Practice Act.   
Thorsrud v. Director, N.D. Dep’t of Transp.
, 2012 ND 136, ¶ 7, 819 N.W.2d 483.  “Although our review is limited to the record before the administrative agency, the district court’s analysis is entitled to respect if its reasoning is sound.”  
Hanson v. Director, N.D. Dep’t of Transp.
, 2003 ND 175, ¶ 7, 671 N.W.2d 780.  This Court determines “only whether a reasoning mind reasonably could have concluded the findings were supported by the weight of the evidence from the entire record” and will not make independent findings of fact.  
Buchholtz v. Director, N.D. Dep’t of Transp.
, 2008 ND 53, ¶ 9, 746 N.W.2d 181.  An administrative agency’s decision must be affirmed unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency’s rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28-32-46.  “Questions of law are fully reviewable on appeal.”  
Buchholtz
, at ¶ 9.

III 

[¶9] A person’s driver’s license may be suspended if a per-se violation is established:

[T]he findings, conclusion, and decision from the hearing confirm that the . . . test results show that the arrested person was driving or in physical control of a vehicle while having an alcohol concentration of at least eight one-hundredths of one percent by weight . . . 
at the time of the performance of a test within two hours after driving or being in physical control of a motor vehicle
.

N.D.C.C. § 39-20-04.1(1) (emphasis added).

[¶10] The primary issue is whether the greater weight of the evidence established that Dawson was driving or in physical control of a motor vehicle within two hours of the performance of a chemical test.  The hearing officer concluded Dawson was driving within two hours of the performance of a chemical test based on when the accident occurred, or in the alternative, “[e]ven if the exact time of the accident was not determined, [that] clearly Mr. Dawson was driving after 3:15 p.m.; he was driving when he returned to the accident scene.”  Dawson argues the findings of fact are not supported by the greater weight of the evidence on the record, and the hearing officer erred in concluding the chemical test was performed within two hours of Dawson driving or being in physical control of a motor vehicle.

A

[¶11] Dawson argues the hearing officer abused her discretion by allowing Officer Van Inwagen to testify as to the witnesses’ statements regarding the time the accident occurred.  He argues the hearing officer erred in admitting the hearsay statements under the present sense impression and excited utterance exceptions.

[¶12] “The admissibility of evidence at an adjudicative hearing before an administrative agency is governed by the North Dakota Rules of Evidence.”  
May v. Sprynczynatyk
, 2005 ND 76, ¶ 24, 695 N.W.2d 196.  “A hearing officer is afforded broad discretion to control the admission of evidence at the hearing, and the decision to admit or exclude evidence will only be reversed on appeal if the hearing officer abused his discretion.”  
Id.
  A hearing officer abuses her discretion when she acts in an arbitrary, unreasonable, or capricious manner or misapplies or misinterprets the law.  
Knudson v. Director, N.D. Dep’t of Transp.
, 530 N.W.2d 313, 316 (N.D. 1995).

[¶13] “‘Hearsay’ is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” N.D.R.Evid. 801(c).  Hearsay is, generally, inadmissible in an administrative hearing.  
Knudson
, 530 N.W.2d at 317.

[¶14] Here, at the administrative hearing, Officer Van Inwagen testified to the witnesses’ out-of-court statements regarding when the accident occurred.  The hearing officer correctly found the statements were being offered to establish the actual time of driving and were inadmissible as hearsay under N.D.R.Evid. 802.  However, hearsay may be admitted under the present sense impression and excited utterance exceptions, and the hearing officer admitted the hearsay statements under these exceptions.  
Id.
; 
see also
 N.D.R.Evid. 803(1) and (2).

[¶15] “A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter” is admissible under the present sense impression exception to the hearsay rule.  N.D.R.Evid. 803(1).  This Court has said, “[t]here is no per se rule indicating what interval is too long between a person’s perception of an event and the person’s subsequent statement describing that event.  The proper inquiry is whether sufficient time elapsed to have permitted reflective thought.”  
Knudson
, 530 N.W.2d at 317 (quotation and citations omitted).

[¶16] Here, Officer Van Inwagen testified that he interviewed the witnesses approximately forty-five minutes after he received the initial dispatch report.  He also testified the witnesses had been standing around the accident site, talking to one another.  The hearing officer admitted the evidence based on the present sense impression exception.  However, the district court concluded that the witnesses had “a sufficient amount of time to reflect on the accident before they provided written statements.”  We conclude the present sense impression exception is inapplicable to this case.  The district court properly concluded the time lapse between the accident and the witnesses’ statements allowed for reflective thought, and the hearing officer abused her discretion in allowing Officer Van Inwagen to testify as to the witnesses’ out-of-court statements regarding the time the accident occurred.

[¶17] The Department did not address the excited utterance exception in its appellate brief and, in oral argument, the Department conceded the excited utterance exception is inapplicable to this case.  We agree, and we do not address this issue further.

[¶18] We conclude the witnesses’ statements to Officer Van Inwagen regarding the time the accident occurred are inadmissible hearsay.  Therefore, the statements cannot be relied on to establish whether Dawson was driving within two hours of the performance of a chemical test.

B

[¶19] Relying on this Court’s decision in 
Dettler v. Sprynczynatyk
, 2004 ND 54, 676 N.W.2d 799, the Department argues, even without the witnesses’ statements, circumstantial evidence supports the hearing officer’s finding that Dawson was driving or in physical control of a motor vehicle within two hours of the performance of a chemical test because one could infer the accident happened just prior to dispatch’s initial report to Officer Van Inwagen.

[¶20] In 
Dettler
, an officer observed a vehicle in a snow-covered ditch on the north side of Main Street, Fargo, North Dakota.  
Id.
 at ¶ 2.  The officer located a person in a nearby Hardee’s who owned the vehicle.  
Id.
  At the administrative hearing, Dettler argued the Department failed to prove he was driving within two hours of the performance of a chemical test.  
Id.
 at ¶ 7.  We concluded the evidence supported the hearing officer’s finding that Dettler had been driving within two hours of the performance of a chemical test.  
Id.
 at ¶ 24.  We reasoned:

[T]he evidence demonstrates the test was administered at 2:17 a.m.  The officer testified he determined the time of driving from Dettler’s statement that he left the bar at closing time, which the officer stated was 1:00 in the morning.  The time of driving on his report indicates 1:15 a.m.  The officer testified that was the time he saw the vehicle.  Dettler presented no contrary testimony.

Id.
 at ¶ 24.

[¶21] 
Dettler
 is distinguishable from the present case.  Here, the Department argues that because the accident occurred in the afternoon, on a summer day, in a semi-rural residential area, and witnesses saw the accident happen, a reasoning mind could reasonably infer the accident happened just before 3:10 or 3:12 p.m. when dispatch initially reported the accident to Officer Van Inwagen.  Therefore, based on the circumstantial evidence, the Department argues it is more likely than not that Dawson was driving within two hours of the performance of the chemical test.

[¶22] The Department’s argument is based only on assumptions without evidentiary support.  The Department has not established from the admissible evidence when the accident occurred or when Dawson was driving.  In 
Dettler
, the circumstantial evidence established a time frame for when Dettler was driving, which was within two hours of the performance of the chemical test.  Here, the record only indicates dispatch reported the accident to Officer Van Inwagen at 3:12 p.m. and that the blood test was administered at 4:45 p.m.  It does not establish when Dawson was driving, when Dawson parked his vehicle to the east of the accident site, or when the accident occurred.  The Department had to establish Dawson was driving between 2:45 p.m. and 4:45 p.m.  Relying on the time of the dispatch report and the circumstantial evidence posited by the Department, a reasoning mind could not reasonably infer that Dawson was driving at or after 3:15 p.m. or that a chemical test was performed within two hours of Dawson driving or being in physical control of a motor vehicle.

[¶23] The Department’s Report and Notice form is admissible as prima facie evidence of its contents once it is forwarded to the director of the Department.  
Schock v. N.D. Dep’t of Transp.
, 2012 ND 77, ¶ 15, 815 N.W.2d 255.  “We have held the Report and Notice form, coupled with an officer’s testimony, may be sufficient to establish the time of driving in order to determine whether the chemical test was performed within two hours of that time.”  
Pavek v. Moore
, 1997 ND 77, ¶ 8, 562 N.W.2d 574 (citing 
Maher v. N.D. Dep’t of Transp.
, 539 N.W.2d 300, 303 (N.D. 1995)).  However, the time of driving may be placed into question at the administrative hearing.  
Pavek
, at ¶ 9.

[¶24] In 
Pavek
, Robert Pavek was arrested for driving under the influence of alcohol while operating a commercial vehicle.  
Id.
 at ¶ 2.  The following facts are pertinent:

On July 29, 1996, North Dakota State Highway Trooper Jim Rist was conducting safety checks for commercial carriers at the Minot scale. Rist was asked to investigate a person’s sobriety by Frank Senn, a civilian inspector. Rist found Pavek in the scale house and Rist stated he detected a strong odor of alcohol from Pavek. Rist asked Pavek to submit to the horizontal gaze nystagmus test and concluded, based on the results of the test, Pavek had been drinking. Rist informed Pavek of the implied consent law and performed an Alco-Sensor test, which Pavek failed. Rist placed Pavek under arrest and noted the time of driving as 5:45 p.m. Rist never saw Pavek driving. Pavek was transported to the Ward County Sheriff’s Office where he submitted to an Intoxilyzer test, which revealed a blood alcohol content (BAC) of .07%, in violation of N.D.C.C. § 39-06.2-10.1.  This test was performed at 6:36 p.m.

At Pavek’s request, an administrative hearing was held in August of 1996, and Pavek’s commercial driving privileges were suspended for one year. On appeal, the district court reversed the decision of the hearing officer, stating the “report and the decision of the hearing officer are based upon an assumption rather than evidence,” because Rist never saw Pavek actually driving.

Pavek
, at ¶¶ 2-3 (footnote omitted).

[¶25] This Court concluded the greater weight of the evidence did not support a finding that Pavek was driving or in physical control of a commercial motor vehicle within two hours of the performance of a chemical test despite the Report and Notice indicating the time of driving:

[A]t the administrative hearing, the exact time of driving was placed in question when the Department’s hearing officer stated Rist was asked to investigate a person’s sobriety at “approximately 5:45 p.m.” But, Rist on the Notice and Report form, stated Pavek was “driving” at 5:45 p.m. Clearly, this was not the time of driving. There was no other evidence from Rist or from Senn, the civilian inspector, to establish the time of driving.

Using her common sense and experience, the finder of fact might infer Pavek was the driver because ordinarily only drivers would be at the scale and because Senn would not request Pavek be investigated for sobriety if he were not the driver.  That inference cannot extend to the time of driving under the facts in evidence, because there is no evidence as to the length of time Pavek was at the scale before Senn made the request to Rist. The hearing officer did not, in fact, make any specific finding as to the time of driving and therefore could not have relied on common sense and experience. On this record, the time of driving was not determined, and the Department was unable to establish if the Intoxilyzer test was conducted within two hours of Pavek driving a motor vehicle, as required by N.D.C.C. § 39-06.2-10.2.

Pavek
, at ¶¶ 9-10 (citations omitted).  This Court affirmed the district court’s order reversing the hearing officer’s decision to suspend Pavek’s commercial driver’s license.  
Id.
 at ¶ 11.

[¶26] Here, the Report and Notice indicated the time of driving was 3:12 p.m. and the chemical test was performed at 4:45 p.m.  However, like the officer in 
Pavek
, Officer Van Inwagen did not see Dawson driving.  Officer Van Inwagen testified that Dawson did not tell him when the accident happened and he based the time of driving and the accident on the time of the initial dispatch report and the witnesses’ statements.  The only evidence on the record establishing when Dawson was driving or when the accident occurred is the witnesses’ statements to Officer Van Inwagen and the Report and Notice form.  We have concluded the witnesses’ statements are hearsay and not admissible under an applicable exception.  Therefore, those statements may not be considered.  Although the Report and Notice is prima facie evidence of the time of driving, the evidence at the administrative hearing established that “3:12 p.m.” was not the time of driving, but was the time Officer Van Inwagen received the initial dispatch report that an accident had occurred.  As in 
Pavek
, we conclude the time of driving indicated on the Report and Notice has no support in the record, and a reasoning mind could not have reasonably concluded the time of driving under the facts of this case.  Therefore, the time of driving cannot be determined and the Department is unable to establish Dawson’s chemical test was administered within two hours of Dawson’s driving.

IV

[¶27] We reverse the district court’s judgment and the Department hearing officer’s 

decision, and we remand to the Department to reinstate Dawson’s driving privileges. 

[¶28] Mary Muehlen Maring

Daniel J. Crothers

Carol Ronning Kapsner

James D. Hovey, D.J.

Gerald W. VandeWalle, C.J.

[¶29] The Honorable James D. Hovey, D.J., sitting in place of Sandstrom, J., disqualified.