2014 ND 135

**In the Matter of the Emelia HIRSCH, June 9, 1994, Irrevocable Trust**

**Timothy Betz, Respondent and Appellant**

**v.**

**Emelia A. Hirsch, aka Emelia Hirsch, aka Emilia Hirsch, Carolyn Twite and**

**Duane Hirsch, Petitioners and Appellees.**

**No. 20130365.**

Supreme Court of North Dakota.

June 26, 2014.

Timothy Betz, Fayetteville, N.C., respondent and appellant; submitted on brief.

Sheldon A. Smith, Bismarck, N.D., for petitioners and appellees; submitted on brief.

KAPSNER, Justice.

[¶ 1] Timothy Betz appeals from an amended judgment awarding the trustees of the Emelia Hirsch Trust $5,000 plus interest for attorney fees and costs and from an order denying his post-judgment objection to costs and his request for a hearing. We affirm the amended judgment and the order denying Betz's objection, and we direct him to pay attorney fees in the amount of $1,000 plus double costs for his frivolous appeal under N.D.R.App.P. 38.

I

[¶ 2] In 1994, the "Emelia Hirsch June 9, 1994, Irrevocable Trust" was created, and Emelia Hirsch transferred assets to the trust. The trust beneficiaries were Emelia Hirsch's three children, Carolyn Twite, Marlene Betz, and Duane Hirsch, and Emelia Hirsch's ten grandchildren, including Timothy Betz. The trust became the source of protracted litigation and has divided the family into two factions, with Emelia Hirsch, Carolyn Twite and her children, and Duane Hirsch and his children contending Emelia Hirsch did not intend to create an irrevocable trust and give up control of her property during her lifetime. Marlene Betz and her children, including Timothy Betz, claimed the trust was irrevocable and they were entitled to benefits under the terms of the trust.

[¶ 3] In 2003, Emelia Hirsch petitioned to dissolve the trust. After further proceedings, Carolyn Twite and Duane Hirsch moved in April 2008 to reform the trust from an irrevocable trust to a revocable trust, with Emelia Hirsch retaining control over the trust property. The district court thereafter granted reformation of the trust after allowing the Betz faction further opportunity to comment or object to the reformation.

[¶ 4] This Court affirmed the reformation of the irrevocable trust to a revocable trust, declining to consider issues raised by Timothy Betz for the first time on appeal and also concluding his appeal was not frivolous and refusing to award the trustees attorney fees or costs under

N.D.R.App.P. 38. *Matter of the Emelia Hirsch Trust,* 2009 ND 135, ¶¶ 14–16, 770 N.W.2d 225. A concurring opinion said there was clear and convincing evidence for the district court to determine the trust should be reformed. *Hirsch Trust,* at ¶¶ 20–22 (Maring, J., concurring in result).

[¶ 5] Timothy Betz thereafter moved to vacate the district court order reforming the trust, and in April 2013, this Court summarily affirmed the order denying Betz's motion to vacate the reformation of the trust. *Matter of Emelia Hirsch Trust,* 2013 ND 63, ¶ 1, 832 N.W.2d 334. This Court also ordered Timothy Betz to pay attorney fees in the amount of $1,000 plus double costs under N.D.R.App.P. 38. *Hirsch Trust,* 2013 ND 63, ¶ 1, 832 N.W.2d 334.

[¶ 6] Meanwhile, further proceedings in the district court resulted in a May 2012 hearing on an order to show cause to address the Betz faction's failure to comply with certain court orders. Timothy Betz did not appear at that hearing, and the court thereafter ordered him to pay a total of $5,000 in attorney fees expended by the trustees. In September 2012, a judgment was entered ordering Timothy Betz to pay the trustees $5,000 plus interest for attorney fees and costs after finding his motions and requests in the proceedings were frivolous and calculated to cause the trustees unnecessary expenses. Timothy Betz objected to the award. In October 2012, the district court vacated the judgment to consider Betz's objections, noting an appeal had been filed from the order denying Timothy Betz's motion to vacate the reformation of the trust and stating the "judgment may be re-instated at a later date if it is appropriate to do so." In September 2013, after this Court summarily affirmed the order denying Timothy Betz's motion to vacate the order reforming the trust in

*Hirsch Trust,* 2013 ND 63, 832 N.W.2d 334, an amended judgment was entered ordering Timothy Betz to pay the trustees the previously awarded $5,000 plus interest for attorney fees and costs. Timothy Betz objected to the award and requested a hearing. The district court denied his request in October 2013.

II

[¶ 7] Timothy Betz's notice of appeal states his appeal is from the September 2013 "Amended Order for Judgment" and from the October 2013 "Order." An order for judgment is ordinarily not appealable unless there is a subsequently entered consistent judgment. *Herring v. Lisbon Partners Credit Fund, Ltd. P'ship,* 2012 ND 226, ¶¶ 5–6, 823 N.W.2d 493. Here, there is a subsequent consistent judgment, and we treat Betz's appeal as an appeal from the judgment and from the order denying his post-judgment motion.

III

[¶ 8] Timothy Betz argues the district court erred in issuing an amended judgment in September 2013, after vacating the September 2012 judgment, the court erred in ordering him to pay interest on the award from September 2012, the court erred in failing to hold a hearing on his objections to costs, and the court erred in failing to comply with procedural requirements of N.D.R.Civ.P. 11 for imposing monetary sanctions against him.

[¶ 9] The trustees respond the district court did not err in reinstating the September 2012 judgment in September 2013, and in ordering interest from September 2012, the court did not err in denying Timothy Betz's post-judgment objection to costs and request for a hearing, and the court did not err in ordering Timothy Betz to pay them reasonable attorney fees under N.D.C.C. § 28–26–01(2).

[¶ 10] The record reflects Timothy Betz was provided notice of the district court's May 2012, hearing. The district court's May 2012 decision and explanation for awarding attorney fees and costs described the nature of Timothy Betz's conduct throughout these proceedings and determined his requests were frivolous and calculated to cause unnecessary expenditures by the trustees. The court's decision states Timothy Betz did not appear at the May 2012 hearing, after which the court held him in contempt for failing to pay a total of $2,000 in previously awarded attorney fees and ordered him to pay an additional $3,000 for subsequent litigation conduct.

[¶ 11] On this record, we conclude Timothy Betz's claims of a lack of hearing for his objections to costs are meritless. The record reflects he was provided with notice of the May 2012 hearing and did not appear. Moreover, the district court's October 2012 order vacating the September 2012 judgment indicates the court was temporarily vacating the judgment and that the court contemplated reinstating the judgment, if appropriate. We conclude the court did not err in reinstating the September 2012 judgment in September 2013, after the resolution of the appeal in *Hirsch Trust*, 2013 ND 63, 832 N.W.2d 334. Timothy Betz has not presented any cogent argument explaining why the trustees were not entitled to interest from September 2012, the date of the initial judgment awarding the trustees attorney fees and costs.

■ [¶ 12] The district court's decisions indicate attorney fees were awarded under N.D.C.C. § 28–26–01. A district court has discretion to determine claims are frivolous and award attorney fees under N.D.C.C. § 28–26–01. *Sagebrush Res., LLC, v. Peterson*, 2014 ND 3, ¶ 15, 841 N.W.2d 705. An award of attorney

fees under that statute will not be overturned on appeal absent an abuse of discretion, and a district court abuses its discretion when it acts in an arbitrary, unconscionable, or unreasonable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Id.* at ¶¶ 15, 17. On this record, we conclude the district court's decision to order Timothy Betz to pay the trustees a total of $5,000 in attorney fees for his conduct during this litigation was the product of a rational mental process leading to a reasoned determination and was not arbitrary, unconscionable, or unreasonable. We conclude the court did not abuse its discretion in ordering Timothy Betz to pay attorney fees.

IV

■ [¶ 13] The trustees argue Timothy Betz's appeal is frivolous and they are entitled to attorney fees and costs on appeal.

[¶ 14] In *Hirsch Trust*, 2009 ND 135, ¶ 15, 770 N.W.2d 225 (citations omitted), this Court explained the criteria for assessing a request for attorney fees and costs on appeal under N.D.R.App.P. 38:

Under N.D.R.App.P. 38, this Court "may award just damages and single or double costs, including reasonable attorney's fees," if an appeal is frivolous. "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which evidences bad faith".

[¶ 15] We conclude Timothy Betz's appeal is flagrantly groundless, devoid of merit, and demonstrates persistence in the course of litigation evidencing bad faith. We order that he pay attorney fees in the amount of $1,000 plus double costs under N.D.R.App.P. 38. *See Hirsch Trust*, 2013 ND 63, ¶ 1, 832 N.W.2d 334 (awarding

attorney fees of $1,000 plus double costs under N.D.R.App.P. 38).

## V

[¶ 16] We affirm the amended judgment and the order denying Timothy Betz's objection to costs and request for a hearing.

[¶ 17] GERALD W. VANDE WALLE, C.J., EVERETT NELS OLSON, S.J., LISA FAIR McEVERS, and DANIEL J. CROTHERS, JJ., concur.

[¶ 18] The Honorable EVERETT NELS OLSON, S.J., sitting in place of SANDSTROM, J., disqualified.