2014 ND 237

**ESTATE OF Margaret B. PEDRO, Deceased Jack Scheeler, Petitioner and Appellee**

v.

**Daniel SCHEELER, Lawrence Scheeler, Jr., Yvonne Fladeland, Nancy Schaffer, Denan Burke, Respondents.**

**Daniel Scheeler, Appellant.**

**No. 20140074.**

Supreme Court of North Dakota.

Filed Dec. 18, 2014.

Casey Kostelecky, 38 2nd Avenue East, Dickinson, N.D. 58601, for petitioner and appellee; submitted on brief.

Daniel Scheeler, 3120 West Carefree Highway # 314, Phoenix, Ariz. 85086–3202, appellant; on brief.

CROTHERS, Justice.

[¶ 1] Daniel Scheeler appeals from a district court order denying his motion for a supplementary inventory of the Estate of Margaret B. Pedro ("Estate"), awarding attorney fees to the Estate's personal representative's law firm and barring him from further filings in this matter. We affirm.

I

[¶ 2] Margaret Pedro was domiciled in Nevada and died in 1997. In March 1999, one of Pedro's children, Jack Scheeler, filed an application in the North Dakota district court, seeking informal probate of Margaret Pedro's will and appointment as personal representative, in addition to filing Pedro's 1990 Last Will and Testament. Letters testamentary were issued on March 18, 1999, appointing Jack Scheeler as the Estate's personal representative. No subsequent inventory or closing documents have been filed.

[¶ 3] In August 2011, Daniel Scheeler, another child of Pedro, petitioned the district court for a hearing and for an order restraining the personal representative. Daniel Scheeler thereafter retained counsel and joined in a motion with Jack Scheeler and Denan Pedro, another of Margaret Pedro's children, seeking a declaratory judgment regarding the proper interpretation of the will. The parties stipulated to waive a hearing, and in July 2012 the court entered an order and judgment construing the will and concluding Denan Pedro inherited the entire Estate. No appeal was taken from the July 2012 judgment. Daniel Scheeler continued self-represented to file voluminous documents in the district court, including letters with attachments, a purported inventory and appraisement and purported supplementary inventory information with attachments.

[¶ 4] In November 2013, Daniel Scheeler moved the district court to order the Estate's personal representative to file a supplementary inventory. The personal representative responded by arguing Daniel Scheeler's motion did not comply with North Dakota court rules, was barred by res judicata and was frivolous.

[¶ 5] In December 2013, the district court denied Daniel Scheeler's motion, holding his filing failed to meet basic requirements for a motion under North Dakota law, was frivolous and was an attempt to relitigate an issue previously decided. The court also awarded attorney fees for the personal representative having to defend the frivolous motion and barred Daniel Scheeler from filing anything further in the case.

II

[¶ 6] Daniel Scheeler argues the primary issue on appeal is that the district court erred in denying his request to order the personal representative to file a supplementary inventory for the Estate. We conclude the dispositive issue is whether Daniel Scheeler established any legal grounds for the relief sought in his motion.

A

[¶ 7] A personal representative has certain duties regarding an inventory and appraisement:

"1. Within six months after appointment, or nine months after the death of the decedent, whichever is later, a personal representative, who is not a special administrator or a successor to another representative who has previously discharged this duty, *shall prepare and file or mail an inventory of property owned by the decedent at the time of the decedent's death,* listing it with reasonable detail, and

indicating as to each listed item, its fair market value as of the date of the decedent's death, and the type and amount of any encumbrance that may exist with reference to any item."

"2. The personal representative *may file* the original of the inventory with the court and send a copy of the inventory only to interested persons who request it. If the personal representative *elects not to file* the inventory with the court, the personal representative *must mail a copy* of the inventory to each of the heirs in an intestate estate, or to each of the devisees if a will has been probated, and to any other interested persons who request it."

N.D.C.C. § 30.1–18–06 (emphasis added). Regarding the personal representative's duty to provide a supplementary inventory, N.D.C.C. § 30.1–18–08 provides:

"If any property not included in the original inventory comes to the knowledge of a personal representative or if the personal representative learns that the value or description indicated in the original inventory for any item is erroneous or misleading, the personal representative shall make a supplementary inventory or appraisement showing the market value as of the date of the decedent's death of the new item or the revised market value or descriptions, and the appraisers or other data relied upon, if any, *and file it with the court if the original inventory was filed, or furnish copies thereof or information thereof to persons interested in the new information.*"

(Emphasis added.) These statutes make clear a personal representative has certain ongoing duties regarding the inventory and appraisement, and N.D.C.C. § 30.1–

18–06 provides two ways in which a personal representative may handle an inventory.

[¶ 8] Although Daniel Scheeler brought a motion requesting the district court order the personal representative to file a supplemental inventory, it is unclear what authority Daniel Scheeler relied on to support his request. Regarding any alleged breach of a duty to provide an inventory, the Editorial Board Comment to N.D.C.C. § 30.1–18–06 (U.P.C. 3–706), explains:

"If the personal representative breaches his duty concerning the inventory, he may be removed. Section 30.1–17–11 ['A *person interested in the estate* may petition for removal of a personal representative for cause at any time.']. Or, an *interested person* seeking to surcharge a personal representative for losses incurred as a result of his administration might be able to take advantage of any breach of duty concerning inventory. The section provides two ways in which a personal representative may handle an inventory.... If the personal representative elects to send copies *to all interested persons who request it,* information concerning the assets of the estate *need not become a part of the records of the probate court.* The alternative procedure is *to file the inventory with the court.* This procedure would be indicated in estates with large numbers of interested persons, where the burden of sending copies to all would be substantial. The Court's role in respect to the second alternative is simply to receive and file the inventory with the file relating to the estate. See section 30.1–13–04 [3–204], which permits any interested person to demand notice of any document relating to an estate which may be filed with the Court."

(Emphasis added.) *See also* Judge Kirk Smith & Gary R. Thune, *The Uniform*

*Probate Code: The Way to Probate in North Dakota,* 50 N.D.L.Rev. 593, 601 (1973–1974) ("Supplementary inventories of later discovered property may be prepared and filed with the court or mailed to interested parties in the same manner as an original inventory. This is another example of the Uniform Probate Code's shift of emphasis from litigation to action.").

[¶ 9] An "[i]nterested person" includes "heirs, devisees, children, spouses, creditors, beneficiaries, and any others *having a property right in or claim against* a trust estate or *the estate of a decedent,* ward, or protected person." N.D.C.C. § 30.1–01–06(25) (emphasis added). "The term also includes persons having priority for appointment as personal representative and other fiduciaries representing interested persons. *The meaning as it relates to particular persons may vary from time to time and must be determined according to the particular purposes of, and matter involved in, any proceeding." Id.* (emphasis added). The statutory definition is broad enough to include petitioners who at least have a claim that may be affected by the probate of an estate. *See, e.g., Jordan v. Anderson,* 421 N.W.2d 816, 818 (N.D. 1988); *see also In re Estate of Richmond,* 2005 ND 145, ¶ 9, 701 N.W.2d 897. However, courts also have held, an heir is no longer an "interested person" when that person ceases having a property right in or claim against a trust estate or the estate of a decedent. *See, e.g., In the Matter of the Estate of Miles v. Miles,* 2000 MT 41, ¶¶ 44–46, 298 Mont. 312, 994 P.2d 1139; *Seymour v. Biehslich,* 371 Ark. 359, 266 S.W.3d 722, 729 (2007).

[¶ 10] In its July 2012 judgment, the district court construed the will and concluded Denan Pedro inherited the entire Estate. Daniel Scheeler did not appeal the court's decision and thus is bound by the judgment. *See Matter of Estate of Hoffas,* 422 N.W.2d 391, 395 (N.D.1988) (under N.D.C.C. § 30.1–12–06, when "notice is required, interested persons notified in conformity with NDCC § 30.1–03–01 are bound by [the court's] orders, even though less than all interested persons are notified"). "The doctrines of res judicata and collateral estoppel bar courts from relitigating claims and issues in order to promote the finality of judgments, which increases certainty, avoids multiple litigation, wasteful delay and expense, and ultimately conserves judicial resources." *Holkesvig v. Grove,* 2014 ND 57, ¶ 11, 844 N.W.2d 557 (quoting *Ungar v. N.D. State Univ.,* 2006 ND 185, ¶ 10, 721 N.W.2d 16). "Whether res judicata or collateral estoppel applies [is] a question of law, which is fully reviewable on appeal." *Holkesvig,* at ¶ 11.

[¶ 11] Here, after the district court's July 2012 judgment, Daniel Scheeler continued to file voluminous material with the district court, submitting additional facts and allegations and culminating in his November 2013 motion which requested the court to order the Estate's personal representative to file a supplementary inventory. However, after the 2012 judgment, Daniel Scheeler ceased to have any property right in or claim against the Estate and, thus, was no longer an "interested person" for purposes of these proceedings. Even assuming Daniel Scheeler could be considered an "interested person," he failed to establish any statutory grounds for the specific relief sought in his motion, *i.e.,* to compel the personal representative to file a supplemental inventory.

[¶ 12] We conclude Daniel Scheeler failed to established any basis for the relief sought in his motion seeking the court to order the personal representative to file a supplemental inventory. We conclude his arguments are frivolous and wholly without merit.

### B

[¶ 13] Daniel Scheeler argues the district court erred in awarding attorney fees to the personal representative's attorney.

[¶ 14] The district court has authority to stem abuses of the judicial process, which comes not only from applicable rules and statutes, such as N.D.R.Civ.P. 11, but "from the court's inherent power to control its docket and to protect its jurisdiction and judgments, the integrity of the court, and the orderly and expeditious administration of justice." *Federal Land Bank v. Ziebarth*, 520 N.W.2d 51, 58 (N.D. 1994). A district court has discretion under N.D.C.C. § 28–26–01(2) to decide whether a claim is frivolous and the amount and reasonableness of an award of attorney fees, but when the court decides a claim is frivolous, the court must award attorney fees. *See Strand v. Cass Cnty.*, 2008 ND 149, ¶¶ 12–13, 753 N.W.2d 872. "A claim for relief is frivolous under N.D.C.C. § 28–26–01(2) only if there is such a complete absence of actual facts or law a reasonable person could not have expected a court would render a judgment in that person's favor." *Estate of Dion*, 2001 ND 53, ¶ 46, 623 N.W.2d 720. We review the district court's decision under the statute for an abuse of discretion. *Id.*

[¶ 15] In its December 2013 order the district court found Daniel Scheeler's filings were frivolous and "continue to waste the judiciary's time and money as well as the resources of those that must brief oppositions to his frivolous filings." We conclude the district court did not abuse its discretion in awarding sanctions and attorney fees.

### III

[¶ 16] The personal representative requests an award of single or double costs and attorney fees for Daniel Scheeler's allegedly frivolous appeal under N.D.R.App.P. 38.

[¶ 17] We explained the criteria under N.D.R.App.P. 38 for assessing a request for attorney fees and costs on appeal:

"Under N.D.R.App.P. 38, this Court 'may award just damages and single or double costs, including reasonable attorney's fees,' if an appeal is frivolous. 'An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which evidences bad faith.' "

*In re Hirsch*, 2014 ND 135, ¶ 14, 848 N.W.2d 719 (quoting *Matter of Emelia Hirsch Trust*, 2009 ND 135, ¶ 15, 770 N.W.2d 225 (citations omitted)).

[¶ 18] Here, in addition to denying Daniel Scheeler's motion, the district court awarded attorney fees to the personal representative's law firm and barred Daniel Scheeler from filing anything further in this case. While it is not frivolous on appeal to challenge the district court's sanctions and award of attorney fees, Daniel Scheeler's appeal asserts numerous other arguments that are flagrantly groundless, devoid of merit and demonstrate persistence in the course of litigation evidencing bad faith. We order Daniel Scheeler pay attorney fees in the amount of $1,000 plus double costs for this appeal under N.D.R.App.P. 38. *See In re Hirsch*, 2014 ND 135, ¶ 15, 848 N.W.2d 719.

### IV

[¶ 19] We considered Daniel Scheeler's remaining issues and arguments and conclude they are either unnecessary to our decision or without merit. The district court order is affirmed.

[¶ 20] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL

RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.