Lee, District Judge, dissenting.
[¶ 21] I dissent.
[¶ 22] At the outset, this case brings to mind this Court's Appellate Practice Tips: "When your client wants to appeal as a matter of principle, tell the client how much principal it will take." The numerous trial court motions, and now this, a second appeal, have no doubt cost these parties attorney's fees and court costs far exceeding what has now proven to be ultimately at stake, a correction of $130. De minimis non curat lex indeed.
[¶ 23] Be that as it may, the district court sanctioned Roland Riemers for bringing a frivolous motion. Roland Riemers argued that the underlying judgment in this case had been fully satisfied. In its response CHS argued that $562.42 remained due and owing. In its order, the district court determined that the amount due was $679.08.
[¶ 24] As noted in paragraph 11 above, at oral argument counsel for CHS conceded that an error of $130 had been made, and the actual balance remaining due and owing was $549.08.
[¶ 25] The district court found Roland Riemers' motion to be frivolous and imposed *195 sanctions pursuant to N.D.C.C. § 28-26-01(2). A motion is frivolous only if there is such a complete absence of actual fact or law, a reasonable person could not have expected a court would render a judgment in that person's favor. Estate of Pedro , 2014 ND 237, ¶ 14, 856 N.W.2d 775.
[¶ 26] Roland Riemers was wrong. The judgment had not been fully satisfied. CHS was wrong. The amount due was not $562.46. The trial court was wrong. The balance due was not $679.08. If everyone, including the trial judge, was wrong, how can Roland Riemers' motion which brought the issue to the table be deemed frivolous?
[¶ 27] As noted, to be frivolous there must be a complete absence of actual fact. Given the mistakes made at the trial court level by everyone in their calculations of the amounts due, there were actual facts in dispute, some of which broke in Roland Riemers' favor. I would reverse the award of attorney's fees as a sanction against Roland Riemers.
[¶ 28] Gary H. Lee, D.J.