# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 66

Bruce Van Arnold Beck,                                         Appellee

v.

Director, North Dakota Department of Transportation,          Appellant

### No. 20210312

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Michael R. Hoffman, Bismarck, ND, for appellee; submitted on brief.

Michael T. Pitcher, Assistant Attorney General, Bismarck, ND, for appellant; submitted on brief.

**Jensen, Chief Justice.**

[¶1]   The North Dakota Department of Transportation appeals from a district court judgment reversing an administrative decision to suspend Bruce Van Arnold Beck's driving privileges. The district court found the Department had failed to establish Beck's blood alcohol concentration was tested within two hours of his prior driving or actual physical control of his vehicle. We affirm.

I

[¶2]   Beck was arrested in April 2021 for driving under the influence. After receiving the Report and Notice form indicating the Department's intent to suspend his driving privileges, Beck requested an administrative hearing with the Department.

[¶3]   At the administrative hearing, a Mandan Police officer testified that at about 3:12 a.m. he was dispatched to locate a "truck" that had been in an accident. Dispatch had received two calls regarding the accident. The first caller reported seeing "a truck with its hazard lights on and they want to check on." A second caller advised dispatch "the truck was a red pickup truck." Officers were dispatched to locate the red pickup truck. Before locating the red pickup truck the officers located a parked semi-truck with damage indicating it may have been hit by another vehicle.

[¶4]   Subsequent to the Mandan Police officers observing the damaged semi-truck, a Morton County Deputy Sheriff reported locating the red pickup truck described in the dispatch calls parked at another location. When the Mandan Police officer arrived at the location of the pickup, the officer observed the driver's side door was open and an individual later identified as Beck was seated in the driver's seat. The pickup's air bags had been deployed and Beck had an injury on his face. Following additional observations and field sobriety testing, Beck was placed under arrest for driving while under the influence of alcohol.

[¶5]  The Mandan Police officer prepared the Report and Notice form, while the Morton County deputy prepared the motor vehicle crash report. The crash report listed the time of the crash as 3:00 a.m. and the time the police were notified as 3:12 a.m. It also listed Beck as the driver and contained a description of the accident. The Report and Notice form noted the time of "driving/physical control/crash" as 3:12 a.m. Beck's attorney objected to the crash report and the Report and Notice form on hearsay and foundation grounds, argued the time of Beck's driving had not been proven, and asserted the chemical test was not performed within two hours of driving as required by N.D.C.C. § 39-08-01(1)(a).

[¶6]  The hearing officer concluded that while the record contained conflicting times of driving, the "greater weight of the record shows that the test was completed within two hours of the time Mr. Beck was driving or in actual physical control of a motor vehicle." The hearing officer found:

> At 3:12 a.m. Mandan police were notified of a vehicle crash. It was reported that the striking party had left the location. A vehicle description was given. [The Mandan officer] was responding to the location of the crash, when a notification was given that a Morton County Deputy had located a vehicle matching the description and a second address was given. [The Mandan officer] responded to that location and observed a vehicle matching the description, which appeared to have front end damage, consistent with the crash report. [The Mandan officer] observed an individual sitting in the driver's seat of the vehicle at 3:41a.m. [The Mandan officer] observed that the airbags in the vehicle had deployed and the driver, later identified as Mr. Bruce Beck had injuries to his face, consistent with the reported crash.

[¶7]  Based on those findings the hearing officer concluded Beck was properly arrested for driving under the influence of alcohol, he was tested in accordance with N.D.C.C. § 39-08-01, and that the test results showed Beck had an alcohol concentration over the legal limit. In reaching these conclusions, the hearing officer noted:

> The record does show conflicting times of driving. The crash report shows the time of crash as 3:00a.m. The report and notice shows

2

that the time of driving was 3:12a.m. And [the Mandan officer] stated that he first observed Mr. Beck in the drivers (sic) seat of the vehicle at 3:45a.m. The test in this matter was completed at 4:21a.m. Two hours prior to that would have been 2:21a.m. (sic) a time prior to all of the times established in the record. Thus even if the time of driving was at the earlies (sic) time, the testing would have been completed within two hours. The greater weight of the record shows that the test was completed within two hours of the time Mr. Beck was driving or in actual physical control of a motor vehicle.

[¶8] Beck appealed to the district court. The district court reversed the hearing officer and ordered the reinstatement of Beck's driving privileges. The court concluded there was insufficient evidence to establish the chemical test was administered within two hours of the time Beck was driving. The court found that 3:12 a.m. was only the arresting officer's "best guess" of the driving time, and there was no information in the second officer's crash report to establish the 3:00 a.m. time of the accident. The court concluded that the hearing officer's findings depended on assumptions without evidentiary support, and a reasoning mind could not have reasonably concluded the time of driving under the facts. The Department appeals, arguing the greater weight of the evidence establishes the time Beck was tested within two hours following his driving.

II

[¶9] "An appeal from a Department of Transportation hearing officer's decision suspending driving privileges is governed by the Administrative Agencies Practices Act." *Glaser v. N.D. Dep't of Transp.*, 2017 ND 253, ¶ 7, 902 N.W.2d 744 (quoting *Pavek v. Moore*, 1997 ND 77, ¶ 4, 562 N.W.2d 574). This Court reviews "the record of the administrative hearing officer rather than the district court." *Glaser*, at ¶ 7 (citing *Pavek*, at ¶ 4). Under N.D.C.C. § 28-32-46, an administrative agency's decision must be affirmed unless:

1.    The order is not in accordance with the law.
2.    The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.
7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

[¶10] In *Glaser*, we explained:

It is well established that we must afford "great deference" to the factual determinations made by an agency when reviewing the agency's findings of fact. Rather than making independent findings of fact, or substituting our judgment for that of the agency, our review is confined to determining "'whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record.'" Although this Court's review is limited to the record before the administrative agency, "the district court's analysis is entitled to respect if its reasoning is sound."

2017 ND 253, ¶ 9 (quoting *Deeth v. Dir., N.D. Dep't of Transp.*, 2014 ND 232, ¶ 10, 857 N.W.2d 86).

A

[¶11] The Department argues the evidence is sufficient to establish Beck's chemical test was administered within two hours after he had been driving or was in actual physical control of his vehicle. Section 39-08-01(1)(a), N.D.C.C., provides as follows:

1. A person may not drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to

4

which the public has a right of access for vehicular use in this state if any of the following apply:

    a.    That person has an alcohol concentration of at least eight one-hundredths of one percent by weight at the time of the performance of a chemical test within two hours after the driving or being in actual physical control of a vehicle.

[¶12] Section 39-20-04.1(1), N.D.C.C., authorizes the Department to suspend a person's operator's license, if the findings, conclusion, and decision from an administrative license suspension hearing confirm that the "test results show that the arrested person was driving or in physical control of a vehicle while having an alcohol concentration of at least eight one-hundredths of one percent by weight." "In order to rely upon the chemical test results, the test must have been performed within two hours of either driving or actual physical control." *Knudson v. Dir., N.D. Dep't of Transp.*, 530 N.W.2d 313, 318 (N.D. 1995) (citing reference omitted).

[¶13] At an administrative hearing, a report and notice form is prima facie evidence of its contents, including the time of driving. *Glaser*, 2017 ND 253, ¶ 11 (citing *Dawson v. N.D. Dep't of Transp.*, 2013 ND 62, ¶ 23, 830 N.W.2d 221). The report and notice, combined with the officer's testimony at the hearing, may be sufficient for the hearing officer to find the time of driving. *Glaser*, at ¶11 (citing *Pavek*, 1997 ND 77, ¶ 8). "However, the time of driving may be placed into question at the administrative hearing." *Glaser*, at ¶ 11 (citing *Pavek*, at ¶ 9). We noted in *Glaser* that one way to put the time of driving into question is by cross-examining the testifying officer. *Glaser*, at ¶ 11.

[¶14] The Department offered into evidence the Report and Notice and crash report providing prima facie evidence Beck was driving at either 3:00 a.m. or 3:12 a.m. The hearing officer accepted the Report and Notice and crash report as evidence. Beck cross-examined the testifying officer, established the officers had not personally observed the driving, and put the time of driving into question at the administrative hearing. Accordingly, while the report and notice form included prima facie evidence of the time of driving, we conclude Beck successfully rebutted the evidence and the burden was the Department's

to establish the chemical testing occurred within two hours of the time of driving.

B

[¶15] The Department argues the evidence supports a finding that Beck was driving within two hours of the chemical test as required by N.D.C.C. § 39-08-01(1)(a) as he fled the scene and continued to drive until it was located later. Beck argues the district court properly reversed the administrative hearing officer's decision.

[¶16] The arresting officer testified that at approximately 3:12 a.m. there was a dispatch call reporting "a truck with its hazard lights on and they want to check on." He also testified there was "a second caller that had advised dispatch which had informed us that the truck was a red pickup truck." Following the two dispatch calls a semi-truck with damage consistent with having been struck by another vehicle was located. Beck's vehicle was subsequently located away from the semi-truck accident scene, based on the information provided by the callers. When located, Beck's pickup had damage consistent with striking another vehicle, the air bags had deployed, Beck had an injury to his face, and Beck was in the driver's seat of the vehicle. While it was reasonable for the hearing officer to conclude Beck had been driving, the hearing officer was also required to find the Department had proven the chemical test had been taken within two hours of Beck driving.

[¶17] The hearing officer made the following finding: "It was reported that the striking party had left the location." This finding is critical to supporting the hearing officer's subsequent finding the Department had established the time of driving. Had the caller(s) reported a red pickup truck with its hazard lights leaving the scene of the accident, a reasonable inference could be drawn the call(s) were made contemporaneous with the accident. However, the evidence during the administrative hearing does not tie the callers' observations to witnessing the accident, but instead were observations of Beck's parked vehicle independent of any driving or collision with the semi-truck. What is absent from the evidence provided at the administrative hearing is evidence of when Beck was driving. Even if we assume Beck was driving, and while driving he

6

struck the semi-truck, no evidence was offered regarding when the semi-truck had been hit or when Beck's vehicle came to a stop at the location it was discovered by the Morton County deputy. The record only includes references to telephone calls describing Beck's vehicle without any indication that it was moving.

[¶18] We must afford "great deference" to the factual determinations made by an agency when reviewing the agency's findings of fact. Our review is confined to determining whether a reasoning mind reasonably could have determined that the factual conclusions reached were proven by the weight of the evidence from the entire record. We conclude a reasoning mind could not have reasonably found the Department had met its burden of proving the chemical test was administered within two hours of the time of the driving.

III

[¶19] There was insufficient evidence for a reasoning mind to reasonably conclude Beck was driving within two hours of the chemical test. We accordingly affirm the decision of the district court.

[¶20] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Lisa Fair McEvers
Jerod E. Tufte

I concur in the result.
Daniel J. Crothers